IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

MARCUS JONATHAN WEBB,

       Plaintiff,

  v.                                        Civil Action No.
                                              6:17-CV-965 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____

APPEARANCES:                           OF COUNSEL:

FOR PLAINTIFF

DOLSON LAW OFFICE              STEVEN R. DOLSON, ESQ.
126 N. Salina Street, Suite 3B
Syracuse, NY 13202

FOR DEFENDANT

HON. GRANT C. JAQUITH          GRAHAM MORRISON, ESQ.
United States Attorney             Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Acting Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on May 18, 2018, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

ORDERED, as follows:

1)  Defendant's motion for judgment on the pleadings is GRANTED.

2)  The Acting Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3)  The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

David E. Peebles
U.S. Magistrate Judge

Dated:   May 21, 2018
         Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARCUS JONATHAN WEBB,

                                        Plaintiff,

vs.                                     6:17-CV-965

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.
------------------------------------------------------------x
```

     Transcript of a **Decision** on May 18, 2018, at the
James Hanley Federal Building, 100 South Clinton Street,
Syracuse, New York, the Honorable David E. Peebles,
United States Magistrate Judge, Presiding.

                A P P E A R A N C E S:

For the Plaintiff:

     LAW OFFICES OF STEVEN R. DOLSON
     126 North Salina Street
     Suite 3B
     Syracuse, New York 13202
     BY:  **STEVEN R. DOLSON, ESQ.**

For the Defendant:

     SOCIAL SECURITY ADMINISTRATION
     26 Federal Plaza
     Room 3904
     New York, New York 10278
     BY:  **GRAHAM MORRISON, ESQ.**


               *Hannah F. Cavanaugh*
       *Official United States Court Reporter*
              *100 South Clinton Street*
           *Syracuse, New York 13261-7367*
                  *(315) 234-8545*

1             (Time noted:  5:14 p.m.)
2             THE COURT:  I have before me a request for judicial
3    review of an adverse determination by the Acting Commissioner
4    pursuant to 42, United States Code, Sections 405(g) and 1383(c)
5    (3).
6             The background is as follows:  Plaintiff was born in
7    September of 1976.  He was 40 years old at the time of the
8    Administrative Law Judge's decision.  He lives either with his
9    mother or next door to her, the record is somewhat ambiguous on
10   that issue.  He is right-handed.  He no longer drives.
11            In the past, he has worked in an assembly position
12   from 2005 to 2009, and again in another assembly position in
13   2010 or 2011.  He worked at Family Dollar distribution center
14   from 2010 to 2011 and a grocery store from 1997 to 2005.
15            He argues that he is unable to work because he suffers
16   from diplopia, which I understand to be basically double vision.
17   He experiences it two to three times a day according to his
18   hearing testimony.  In terms of his vision, he suffered from
19   neurofibromatosis type 1 on the right side.  For that, he has
20   seen Dr. Lawrence Chin and Dr. Bryant Carruth.
21            He underwent surgery on September 14, 2015, by doctors
22   Carruth, Chin, and Dr. Hoon Choy, that's at 404 to 407 of the
23   Administrative Transcript.  The procedure included a right P-T-
24   E-R-I-O-N-A-L craniotomy and a right PEEK cranioplasty for
25   sphenoid wing defect.

1         The postsurgical reports from Dr. Carruth primarily
2 show improvement with regard to pressure, that he's doing well,
3 and that he has only intermittent double vision.  That's
4 included -- that's included at page 399.
5         In terms of daily activities, plaintiff does grocery
6 shopping, cooks, watches television, walks, and plays with his
7 dog.
8         Procedurally, plaintiff applied for Title II and
9 Title XVI Social Security benefits on October 15, 2014, alleging
10 an onset date of May 15, 2014.  A hearing was conducted by
11 Administrative Law Judge Michael Carr on November 1, 2016.  ALJ
12 Carr issued a decision on February 28, 2017, in which he
13 concluded that the plaintiff was not disabled at the relevant
14 times and therefore ineligible for the benefits sought.  On
15 July 24, 2017, that opinion became a final determination of the
16 agency when the Social Security Administration Appeals Council
17 denied plaintiff's request for review of that determination.
18         In his decision, ALJ Carr applied the familiar
19 five-step sequential test for determining disability.  At step
20 one, he concluded no -- that plaintiff had not engaged in
21 substantial gainful activity since May 15, 2014.
22         At step two, ALJ Carr concluded that plaintiff
23 suffers from severe impairments, including scoliosis, thoracic
24 spine, neurofibromatosis, with decreased visual acuity in the
25 right eye, and depressive disorder.

1         At step three, he concluded that those conditions did
2   not meet or medically equal any of the listed presumptively
3   disabling conditions in the regulations.  He considered, among
4   other things, listings 1.04 and 12.06.  After surveying the
5   medical evidence, ALJ Carr concluded that plaintiff retains the
6   residual functional capacity, or RFC, to perform light work,
7   with the exception of no climbing ladders, ropes, or scaffolds,
8   no unprotected heights, no moving mechanical parts, no operation
9   of motor vehicles for commercial purposes, no conveyor belts or
10  assembly lines; limited to performing simple routine tasks.
11        At step four, based on that RFC, the ALJ concluded
12  that plaintiff is unable to perform his past relevant work.
13        At step five, based on the testimony of a vocational
14  expert, he first concluded based on the first hypothetical that
15  plaintiff could perform as a small parts assembler, a laundry
16  folder, and a plastic hospital parts assembler.  When you add
17  the limitation of only occasionally engaging in work requiring
18  depth perception, the ALJ concluded that plaintiff could perform
19  as a cashier and a cafeteria assistant.  And if you add no more
20  than occasional reading, he could still perform as an inspector,
21  hand packager, and therefore concluded that plaintiff was not
22  disabled at the relevant times.
23        As you know, my task is limited.  The standard of
24  review that I apply is very deferential.  I must determine
25  whether the proper legal principals were applied and the

1   determination is supported by substantial evidence.  As the
2   parties have made clear in their briefs and oral argument, the
3   focus of plaintiff's challenge is on the treatment of Dr.
4   Carruth's medical source statement.  And specifically the
5   argument is that it should be given controlling weight, and if
6   it wasn't, the Administrative Law Judge did not properly explain
7   why.
8          Unquestionably, the opinion of a treating physician
9   is ordinarily acceptable to -- entitled to considerable
10  deference and normally is given controlling weight.  And
11  unquestionably, if it is not given controlling weight, the ALJ
12  must apply several factors to determine the extent that the
13  opinion should be credited, including the length of the
14  treatment relationship, frequency of examination, nature and
15  extent of treatment relationship, evidence supporting the
16  treatment provider's opinion, the degree of consistency between
17  the opinion and the record as a whole, whether the opinion is
18  given by a specialist, and other evidence that has been brought
19  to the attention of the ALJ.
20         The Administrative Law Judge admittedly did not spend
21  a great deal of time directly addressing why he did not credit
22  Dr. Carruth's opinion, but he did specifically allude to the
23  fact that it was vague and that it was a check the box form
24  primarily, which, in his view -- and he cites to some cases that
25  do suggest this is true -- a check the box form is entitled to

1   less weight than a narrative opinion.
2           It is true, as plaintiff's counsel indicates, that
3   there is some narrative opinions given, but it's very clear to
4   me that the ALJ understood, number one, Dr. Carruth is a
5   specialist.  He was very clear to go through the history of the
6   treatment by Dr. Carruth of the plaintiff.  And it -- it is true
7   that it appears that the opinions of Dr. Carruth are in conflict
8   with those of Dr. Jenouri, at pages 373 to 379, and Dr. Becker.
9           The ALJ notes that postsurgical reports from Dr.
10  Carruth reflect considerable improvement after the surgery,
11  that's at 389, 398 to 418; that plaintiff is doing well, 403 to
12  466; that the diplopia is intermediate, 398 to 399 to 400 to
13  401.
14          I note that I went very carefully through the reports
15  from Dr. Carruth and I didn't find anywhere that he limited the
16  plaintiff in his exertional -- exertionally limited the
17  plaintiff like he did in his medical source statement, so I
18  think it's clear that implicit in the ALJ's decision is the
19  reasoning for rejecting and not giving controlling weight to the
20  opinions of Dr. Carruth, the fact that it's a check the box
21  form, it is based on subjective reports, it is inconsistent with
22  his treatment records, and inconsistent with Dr. Jenouri and Dr.
23  Becker's opinions.
24          As I indicated during the oral argument, I think
25  *Greek* -- I don't understand *Greek* to be a decision where the

1  Second Circuit is abandoning its earlier cases where it
2  specifically notes that the ALJ does not have to slavishly
3  recite each of the regulatory requirements for rejecting as
4  controlling a treatment -- a treating source's opinions.  And of
5  course, in *Greek*, it was noted that the reason for the rejection
6  was factually flawed and that, I think, distinguishes *Greek* from
7  this case.
8       So I do find that the determination is supported by
9  substantial evidence and that Dr. Jenouri -- Dr. Jenouri's
10 opinions and the treatment records adequately support the RFC
11 finding in this case, so I will grant judgment on the pleadings
12 to the defendant.
13      I appreciate excellent oral arguments.  I hope you
14 both have an excellent weekend.  Thank you.
15      MR. DOLSON:  Thank you, Judge.
16      MR. MORRISON:  Thank you.
17      (Time noted:  3:25 p.m.)

1
2            CERTIFICATE OF OFFICIAL REPORTER
3
4
5       I, HANNAH F. CAVANAUGH, Official Court Reporter, in and
6  for the United States District Court for the Northern District
7  of New York, DO HEREBY CERTIFY that pursuant to Section 753,
8  Title 28, United States Code, that the foregoing is a true and
9  correct transcript of the stenographically reported proceedings
10 held in the above-entitled matter and that the transcript page
11 format is in conformance with the regulations of the Judicial
12 Conference of the United States.
13
14          Dated this 18th day of May, 2018.
15
16                    /S/ HANNAH F. CAVANAUGH_____
17                    HANNAH F. CAVANAUGH
18                    Official U.S. Court Reporter
19
20
21
22
23
24
25